# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WOODIE F. MARRISETTE,<br>    Plaintiff,<br><br>v.<br><br>ASPIRE CREDIT CARD,<br>    Defendant. | )<br>)<br>)<br>)   CIVIL ACTION NO. 1:22-00514-JB-N<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

The Plaintiff, **WOODIE F. MARRISETTE**, initiated this civil action without counsel (*pro se*) by filing a complaint with the Court on December 23, 2022. *See* (Doc. 1); Fed. R. Civ. P. 3. He has also paid the full $402 in filing and administrative fees for this action. *See* (Doc. 7); 28 U.S.C. § 1914(a). The assigned District Judge has referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (12/27/2022 electronic reference).

Following *sua sponte* review of the complaint, by order dated and entered April 18, 2023, the undersigned explained to Marrisette that his complaint was subject to dismissal because it failed to clearly allege a basis for the Court exercising subject-matter jurisdiction over his claims, and ordered Marrisette to file an amended complaint correcting this deficiency no later than May 9, 2023, warning him that failure to do so could result in dismissal of his case. (*See* Doc. 8). The copy of that order mailed to Marrisette was not returned to the Court as undeliverable, and to date Marrisette has filed nothing in response. Accordingly, the undersigned finds

that this action is due to be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

## I.   *Analysis*

"It is . . . axiomatic that the inferior federal courts[,]" such as this district court, "are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Among other things, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction…" Fed. R. Civ. P. 8(a)(1). "[T]he pleader must [also] affirmatively allege facts demonstrating the existence of jurisdiction…" *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). *See also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden…to allege with

sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted…" (quotation omitted)).

> Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *Pro se* parties such as Marrisette are not exempt from this requirement. *See Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) (per curiam) (unpublished) (affirming dismissal of *pro se* complaint for failure to allege a sufficient basis for subject matter jurisdiction).[1]

---

[1] Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [*pro se*] pleadings liberally. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). The only ground for jurisdiction alleged in Marrisette's single-page complaint is "credit card fraud." (Doc. 1, PageID.1). However, Marrisette does not state under what statute or other authority he is bringing this cause of action. Therefore, jurisdiction based on either "a specific statutory grant" or "federal question jurisdiction" does not clearly appear on the face of the complaint.

Under § 1332(a), a district court can have subject-matter jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Therefore, a complaint's "allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268. Additionally, "[i]n order to invoke a federal court's diversity jurisdiction, a plaintiff must claim…that the amount in

---

F.3d 1165, 1168–69 (11th Cir. 2014) (citations and quotation omitted). *Pro se* litigants are also required to conform to procedural rules. *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011).

controversy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). Here, Marrisette's complaint does not allege any party's citizenship,[2] nor does it allege that the amount in controversy exceeds $75,000 exclusive of interest and costs.[3] Accordingly, the complaint also fails to demonstrate the existence of diversity jurisdiction over this action.[4]

---

[2] For natural persons such as Marrisette, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam) (citation, quotations, and footnote omitted).

It is unclear from the complaint's allegations whether the Defendant, "Aspire Credit Card," is a corporation or an unincorporated artificial entity (e.g., LLC, partnership). If it is a corporation, Marrisette must allege "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). However, if the Defendant is an unincorporated entity, then it "possesses the citizenship of all its members[,]" *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."), and Marrisette must therefore "list the citizenships of all [its] members…" *Rolling Greens*, 374 F.3d at 1022. *Accord Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). This "can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)). *See also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of. And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC.").

[3] Regarding amount in controversy, as near as the undersigned can tell, Marrisette's claims center around a single credit card bill amounting to less than $700. (*See* Doc.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts[,]" 28 U.S.C. § 1653, and "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Accordingly, the undersigned's April 18 order explained the foregoing to Marrisette; ordered him to file by May 9 an amended complaint that contains 'a short and plain statement of the grounds for the court's jurisdiction,' Fed. R. Civ. P. 8(a)(1), and alleges sufficient facts in support of the asserted grounds[;]" and warned Marrisette that the "failure to do so will result in entry by the undersigned of a recommendation that the Court dismiss this action under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction." (Doc. 8, PageID.42-43). Marrisette filed nothing in response.

---

1-1, PageID.4). More specifically, Marrisette appears to claim he was erroneously assessed approximately $58 in late fees and interest because he in fact paid his bill on time. (*See id.*).

[4] The Court does not consider the information provided in the "Civil Cover Sheet" (Doc. 1-2, PageID.6) that accompanied the complaint. "The Civil Cover Sheet is not the complaint, and allegations on the Civil Cover Sheet are not part of the complaint." *Ray White Prop. Mgmt. Servs., LLC for PJM2 LLC v. Garber*, No. 118CV02133RWSAJB, 2018 WL 3732764, at *3 n.5 (N.D. Ga. May 17, 2018), *report and recommendation adopted*, 2018 WL 3745026 (N.D. Ga. June 21, 2018). *See also Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam) ("The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers."); *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir. 1983) ("The civil docket sheet is an administrative document designed to facilitate the court's management of a trial and is not served on the opposing party. Thus, it cannot substitute for proper service [of a jury trial demand] under [Federal R]ule[ of Civil Procedure] 38(b)."). As the form "Civil Cover Sheet" itself notes, it "and the information contained [t]herein neither replace nor supplement the filing and service of pleadings or other papers as required by law…" (*Id.*).

Accordingly, this action is due to be dismissed *sua sponte* under Rule 12(h)(3) for lack of subject-matter jurisdiction.

## II. *Conclusion & Recommendation*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that this civil action be **DISMISSED without prejudice** *sua sponte* under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction, and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **9th** day of **June 2023**.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**